THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ANDREW TERRY, PLAINTIFF IN ERROR.

Argued June 7, 1916—Decided November 8, 1916.

It is reversible error for the trial court, during the progress of a trial, on an indictment for keeping a disorderly house, to strike from the record parts of the testimony of a witness and to direct the jury to pay no attention to such testimony, on the ground that it is not worthy of belief, at the same time ordering the witness to be taken into custody by a constable in the presence of the jury.

On error to the Atlantic County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and BLACK.

For the plaintiff in error, *Isaac H. Nutter* and *Garrison & Voorhees.*

For the defendant in error, *Charles S. Moore* and *Wm. Elmer Brown, Jr.*

The opinion of the court was delivered by

BLACK, J. Andrew Terry was convicted in the Atlantic Quarter Sessions, January term, 1916, on two separate indictments, charging a violation of the sixty-fifth section of the Crimes act, for keeping a disorderly house. They were gambling houses at Nos. 204 North Chalfonte avenue and 1139 Baltic avenue in the city of Atlantic City. The two indictments were tried together. Separate judgments were entered under the convictions. Writs of error were taken in each case. The cases were brought up under the one hundred and thirty-sixth section of the Criminal Procedure act. Errors were assigned in the bill of exceptions by the trial judge and causes for reversal were also assigned. The causes relied upon for reversal all relate to the rulings of and statements by the trial court, in relation to Raymond Jefferson, a state's witness. The record shows this colloquy:

"Mr. Garrison—I object to the reading of that record.

"The Court—Bring that record up here. I think this witness ought to be taken into custody on the charge of perjury.

"Mr. Garrison—If your honor please, we ask for an exception to that remark and ask to have it spread upon the record.

"Whereupon the defendant, by his counsel, prays a bill of exceptions, which is hereby allowed and sealed accordingly.

"The Court—An officer will take charge of this defendant."

\*       \*       \*       \*       \*       \*       \*

"The Court—Take this witness into custody and strike his answers from the record, and the jury will pay no attention to what he has testified to. Whatever belongings he has, let him go back and get them.

"(Constable Baker takes the witness into custody.)

"Mr. Garrison—To have the record straight, we believe that a juror ought to be withdrawn at this time. We think it is a mistrial.

"The Court—The juror will not be withdrawn.

"Mr. Garrison—That motion is denied, then?

"The Court—Yes.

"Whereupon the defendant, by his counsel, prays a bill of exceptions, which is hereby allowed and sealed accordingly.

"The Prosecutor—All that testimony stricken from the record?

"The Court—All of that testimony is stricken from the record and the jury instructed not to pay any attention whatsoever."

\*       \*       \*       \*       \*       \*       \*

"The Court—I know you don't desire any further testimony, but there was some cross-examination from you that I say will remain on the record.

"Mr. Nutter—But that is already on the record.

"The Court—Yes, that you will be given the benefit of."

This court held, in the case of *State* v. *Harrington,* 87 *N. J. L.* 713, 716; affirmed, *Id.* 716, the arrest of one of the state's witnesses in view of the jury, after he had left the stand, is no ground for reversing a judgment. In that case, it was said, his arrest may have been for some offence entirely disconnected with the trial of the case. But, even if the evidence showed that it was for perjury committed on the witness-stand, that would not vitiate the trial. That case was affirmed in the Court of Errors and Appeals (87 *Id.* 716), for the reasons stated in the Supreme Court. 12 *Cyc.* 542 (L). This case is distinguished from the Harrington case, for in addition to the arrest of the witness in the presence of the jury, a practice not to be commended, the court ordered part, at least, of the testimony of the wit-

ness to be stricken from the record, and directed the jury to pay no attention to what the witness had testified to. This clearly was error injurious to the defendant. While it is true that it is the accepted rule of law in this state that it is the right and duty of a trial judge to comment upon the evidence, in the charge to the jury (*State* v. *Lovell,* 88 *N. J. L.* 353; *State* v. *Hummer,* 73 *N. J. L.* 714), yet, when he attempts to take from the jury evidence, on the ground that it is unworthy of belief, and emphasizes that ruling by having the witness arrested and taken into custody in the presence of the jury, such action of the trial court is an improper assumption of, and an infringement upon, the province of the jury. The court stepped outside of its judicial functions.

For this error the judgments under review will be reversed.